

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable J. E. McDonald, Commissioner
Department of Agriculture
Austin, Texas

Dear Sir:

Opinion No 0-6209

Re: Duty of Cotton Warehousemen
to receive cotton for stor-
age.

Your letter of a recent date addressed to the At-
torney General makes the following inquiry:

". . . if duly licensed cotton warehousemen,
who is also a public weigher and operates a cot-
ton yard adjoining the warehouse, may refuse to
receive cotton for storage unless the owner will
agree to transact his weighing and cotton yard busi-
ness with him."

The facts, upon which the above inquiry is predicated,
are, as we understand them from letters accompanying your request
for an opinion, substantially as follows:

In a certain town in this State there is a public
weigher who owns and operates a public warehouse. He also
owns and operates an open cotton yard at or near his warehouse.
He charges a set fee for storage of cotton in the public ware-
house and charges an additional fee for weighing and storing
in his open cotton yard. He refuses to accept cotton from
farmers for storage in the warehouse unless they agree to do
their weighing and cotton yard business with him. He refuses
to accept cotton for storage in his warehouse weighed by some
other public weigher. In other words, your question is: may
a public warehouseman legally require a person to do his weigh-
ing and cotton yard business with him before he will accept
the cotton for storage in his public warehouse?

It is now well settled in this State, as well as the
United States, that the business of warehousemen, being of a
public nature, is subject to regulation and control. Exporters'
and Traders' Compress and Warehouse Co.. v. Bargainer (Com. of
App.) 45 S.W. (2d) 563; Voyt v. Bekins Moving and Storage Co.
119 P. (2d) 586; Gray v. Central Warehouse Co. et al 106 S.E.
657, 54 A.L.R. 307; Nash v. Page, 80 Ky. 539, 44 Am. Rep. 490;

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST

Honorable J. E. McDonald, page 2


Munn v. State of Illinois 94 U. S. 113; 27 Ruling Case Law, 958; 67 Corpus Juris 449.

In 67 Corpus Juris 451, #15, the following general rule is stated:

"A public warehouseman, by virtue of his duty to the public, so long as he continues as such, as a general rule, cannot refuse to receive goods of the class which he is authorized to receive and store..."

In Gray v. Central Warehouse Co. et al., 106 S. W. 657, 54 A. L. R. 307, the question before the Supreme Court of North Carolina was whether certain warehouses had the right to require a person to be a member of the Kinston Board of Trade before they would permit him to buy tobacco on the floor of the warehouse. In answering this question, the court discussed at length the duties owed the public by a public warehouseman. On page 658 the court stated the following:

"If any one applies to a railroad or a ferry for the transportation of himself or the carriage of freight, or to an innkeeper, or sends his corn to a public mill, or his tobacco to a public warehouse, or applies to the owners of a gas or electric power plant or any other business 'affected with a public use' it has always been a principle of the common law, and never more than now, that he is entitled to absolute impartiality as to the charges and treatment." (Emphasis ours)

The court further states:

"The entire history of the state and the statutes on the subject ... place the regulation of tobacco warehouses not under private control ..., but under the control of the public authority. ...being a public warehouse they cannot forbid anyone to be a buyer or seller anymore than a quasi public corporation like a railroad could refuse anyone from being a shipper or a traveler over their lines..." (Page 660)

Honorable J. E. McDonald, page 3

"There is no principle more important to the public welfare than to preserve to every individual, however humble, the right that in dealing with public utilities and businesses 'affected with public use' there can be no discrimination against any individual in regard to uniformity of charges and impartial treatment." (Page 662)

"It is not necessary that there shall be statutory regulations, but it is essential that there shall not be regulations by those operating public utilities or business 'affected by the public use' which will permit discrimination, against anyone. These requirements are based upon the principle 'Salus populi suprema est lex'; that is, that the public welfare is the highest law." (Emphasis ours) (Page 663)

In Nash v. Page, 80, Ky. 539, 44 Am. Rep. 490, the duty imposed upon a public warehouseman was thus stated:

"When a warehouseman for the public sale and purchase of tobacco undertakes to sell at auction, and to conduct the business of a public warehouseman, he assumes an obligation to serve the entire public, and has no right to select his own bidders, or to refuse to receive the tobacco of producers when shipped to him." (Emphasis ours)

In Munn v. State of Illinois, 94 U.S. 113, it was insisted that warehousemen had the right to deal and trade as they saw fit with those who applied to them for storage, but it was held by Waite, C. J., that

"Property does become clothed with a public interest when used in a manner to make it of public consequence and effect the community at large. When, therefore, one devoted his property to a use in which the public has an interest, he, in effect, grants to the public an interest in that use, and must submit to be controlled by the public for the common good, to the extent of the interest he has thus created." (Page 126)

In Port of Seattle v. Lukate, 121 P. (2) 951, 953, it was held by the Supreme Court of Washington that a public

Honorable J. E. McDonald, page 4

warehouseman cannot refuse to receive goods of the class he is authorized to receive and store.

In view of the foregoing authorities, it is the opinion of this department that a duly licensed cotton warehouseman who is also a public weigher cannot place as a condition of storage in a warehouse that a person must do his weighing and cotton yard business with him, but must accept all goods, which he is authorized to receive and store, tendered to him without discrimination.

We, therefore, answer the above-stated question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          (s)
                Jno. C. Knorpp
                    Assistant

JCK:JCP:ZD

APPROVED NOV 2, 1944

(s) Carlos C. Ashley

FIRST ASSISTANT ATTORNEY GENERAL


APPROVED OPINION COMMITTEE BY BWB CHAIRMAN